IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **CARL TERRANELLA,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**FITNESS NORTHWEST LLC.,** a Washington limited liability company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Carl Terranella ("Terranella" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Fitness Northwest Inc. ("Fitness Northwest" or "Defendant") to stop Fitness Northwest from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers, and to otherwise obtain injunctive and monetary relief for all persons injured by Fitness Northwest's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts

**CLASS ACTION COMPLAINT,** Page **1** of **9**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. Fitness Northwest owns and manages three Gold's Gym locations in Washington. The gyms are located in Issaquah, Bothell and Redmond.[1]

2. Fitness Northwest uses text message marketing to promote its gym to consumers who have not given their prior express written consent to receive these messages.

3. Although Plaintiff has never had any relationship with Fitness Northwest, Fitness Northwest sent two unsolicited, autodialed text messages to Plaintiff's cellular phone marketing memberships at is gyms.

4. In response to these text messages, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Defendant to cease sending text messages to consumers' cellular telephone numbers using an automatic telephone dialing system without consent, as well as an award of statutory damages to the members of the Class.

## PARTIES

5. Plaintiff Terranella is a Vero Beach, Florida resident. At the time the text messages were received, Plaintiff resided in Moses Lake, Washington.

6. Defendant Fitness Northwest is a Washington limited liability company headquartered in Bothell, Washington. Defendant conducts business throughout this District and in other parts of Washington.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C.

---

[1] https://www.goldsgym.com/markets/northwestwa/

**CLASS ACTION COMPLAINT,** Page **2** of **9**

**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

1  §227 ("TCPA").

2  8. This Court has personal jurisdiction over Defendant and venue is proper in this

3  District under 28 U.S.C. § 1391(b) because Defendant is incorporated in Washington and

4  headquartered in this District, and because the wrongful conduct giving rise to this case occurred

5  in this District.

### COMMON ALLEGATIONS

**Fitness Northwest Violates the TCPA By Sending Autodialed Text Messages
To Consumers' Cellular Phone Numbers Without Consent**

9. Defendant owns and operates three Gold's Gyms.

10. To market its gym memberships, Defendant sends autodialed text messages to consumers without first obtaining the necessary express written consent, in violation of the TCPA. Defendant sends these text messages using phone number 425-598-0349, among potentially other phone numbers.[2]

### PLAINTIFF'S ALLEGATIONS

**Plaintiff Received Unsolicited, Autodialed Text Messages to His Cell Phone**

11. On July 17, 2017 at 4:38 PM, Plaintiff Terranella received an unsolicited, autodialed text message from Defendant using phone number 425-598-0349 soliciting Plaintiff to join the Issaquah location gym:

---

[2] Upon research conducted by Plaintiff's attorneys, when calling 425-598-0349, an automated message directs callers to call 425-369-8585, which is the main phone number for Defendant's Issaquah location.

CLASS ACTION COMPLAINT, Page **3** of **9**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424



12. On July 30, 2017 at 1:55 PM, Plaintiff received a second unsolicited, autodialed text message from Defendant, again using phone number 425-598-0349. As with the previous text message, this text message is a solicitation for Plaintiff to join Defendant's Issaquah gym location:

13. Plaintiff does not, and has never had a relationship with Fitness Northwest or any other Gold's Gym owner or operator.

14. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or

**CLASS ACTION COMPLAINT,** Page **4** of **9**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

sequential number generator. This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "HELP" or "STOP," the text messages' commercial and generic content, the ability for multiple agents to send texts from the same phone number, and that substantively identical texts were sent to multiple recipients, which is consistent with the use of an automatic telephone dialing system to send text messages.

15. The unauthorized text messages sent by Fitness Northwest, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Terranella's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

16. Seeking redress for these injuries, Terranella, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones.

**CLASS ALLEGATIONS**

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Texts Sent by Fitness Northwest**

17. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform Defendant used to text message Plaintiff, (4) for a reason substantially similar to the reason that Defendant text messaged Plaintiff, and (5) for whom Defendant claims it obtained prior express written consent in a substantially similar manner as Defendant claims it obtained prior express written consent from Plaintiff, or Defendant does not claim it obtained prior express written consent.

CLASS ACTION COMPLAINT, Page **5** of **9**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

18. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

19. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

20. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendant utilized an automatic telephone dialing system to send text messages to Plaintiff and the members of the Class;

    (b) whether Defendant's conduct constitutes a violation of the TCPA; and

    (c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

21. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so.

**CLASS ACTION COMPLAINT,** Page **6** of **9**

**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

1   Neither Plaintiff nor his counsel has any interest adverse to the Class.

2         22.    **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Class)**

      23.    Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them by reference.

      24.    Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Class using an autodialer.

      25.    These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

      26.    Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of

**CLASS ACTION COMPLAINT,** Page **7** of **9**

**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

Defendant's conduct, Plaintiff and the other members of the Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

27.   In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Terranella, individually and on behalf of the Class, prays for the following relief:

a)   An order certifying the Class as defined above, and appointing Plaintiff as the representative of the Class and his attorneys as Class Counsel;

b)   An award of actual and/or statutory damages and costs;

c)   An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)   An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Classes; and

e)   Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully Submitted,

**CARL TERRANELLA**, individually and on behalf of those similarly situated individuals

Dated: March 11, 2019

*s/ Eric R. Draluck*
Eric R. Draluck
WSBA No. 19881
PO Box 11647
Bainbridge Island, WA 98110
Telephone: (206) 605-1424
edraluck@gmail.com

CLASS ACTION COMPLAINT, Page **8** of **9**

Eric R. Draluck
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*Pro Hac Vice motion forthcoming*

**CLASS ACTION COMPLAINT,** Page **9** of **9**

**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424